NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN M. WILLIAMS, Sr., M.D., M.P.H., Relator, | No. 22-55979 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00198-CBM-DFM |
| v. | |
| MEDICAL SUPPORT LOS ANGELES, AKA MSLA, a medical corporation; MSLA MANAGEMENT, LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted December 6, 2023
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and KENNELLY,**
District Judge.

John M. Williams, Sr., appeals the district court's dismissal of his Second

Amended Complaint ("SAC") asserting a False Claims Act action against Medical

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Support Los Angeles, Inc. and MSLA Management, LLC ("MSLA"). He alleges MSLA defrauded the Department of Veterans Affairs ("VA") by: (1) falsely certifying compliance with contractual requirements for payment and (2) fraudulently inducing the VA to contract with MSLA. We have jurisdiction under 28 U.S.C. § 1291. We review grants of a motion to dismiss de novo. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). We affirm.

1.      The district court did not err by dismissing Williams's claim for false certification. Williams alleges MSLA falsely certified three key tasks: (1) "C-File" review, (2) ancillary test scheduling, and (3) "unlocked" medical disability exam ("MDE") reporting. But the SAC contains no facts alleging that MSLA made an express or implied false statement to the VA.

First, Williams alleges that MSLA defrauded the VA by sending MDE examiners only certain records rather than a veteran's entire "C-File." At most, Williams alleges a contractual dispute not cognizable under the FCA. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011). Williams does not allege that MSLA made any *express* certification to the VA that its examiners reviewed the "C-Files" in their entirety in connection with a request for payment. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) (requiring "*an actual false claim* for payment being made to the Government") (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290

2

F.3d 1301, 1311 (11th Cir. 2002)).  And even under an implied false certification theory, we still require the claim to "not merely request payment, but also make[] *specific representations* about the goods or services provided." *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1018 (9th Cir. 2018) (quoting *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 190 (2016)). Williams points to no specific representations by MSLA to the VA on its "C-File" review process.

Second, Williams alleges that MSLA defrauded the VA by having improperly credentialed staff schedule ancillary testing.  Even if the contracts required examiners with proper credentials to request and schedule tests, this again amounts to no more than breach of contract.  *See Cafasso*, 637 F.3d at 1057.  Williams does not allege that MSLA made false statements or implied false certifications to the VA regarding its scheduling of tests in connection with a claim for payment.

Third, Williams alleges that MSLA defrauded the VA by failing to "lock" MDE reports, which meant that MSLA staff could edit these documents.  These allegations do not meet Rule 9(b)'s heightened pleading standard.  Williams does not allege that any specific report was edited, who edited it, or if any edits were substantive.  This misses the "who, what, when, [and] where" required to satisfy Rule 9(b).  *Vess v. Ciba-Gelgy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

(quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Nor does he allege that MSLA made statements to the VA that no MSLA staffer edited a MDE report.

2. The district court did not err by dismissing Williams's fraudulent inducement claim. Williams alleges that MSLA never intended to perform the contract with the VA and that it misrepresented its capacity to comply with the contract. Both arguments fail.

Williams alleges that MSLA misrepresented that it would conduct certain "key tasks" to secure a contract with the VA. But Williams provides no specific allegations—beyond vague accusations and mere speculation—showing that MSLA did not intend to comply with the contracts when they were signed. *See United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1172 (9th Cir. 2006) (requiring statements be "false when made"). And Williams does not plausibly allege his knowledge of MSLA's supposed fraud. Williams never worked for MSLA and the VA awarded MSLA its most recent contract in 2016—two years before Williams interviewed with MSLA. So Williams did not participate in contract bids for MSLA.

Williams also alleges that MSLA misrepresented its "network capacity" to induce the VA into the contract. But Williams's claim is largely based on a VA Office of Inspector General ("OIG") Report, which summarized an investigation into MSLA's network capacity. The OIG Report found no fraud. It is implausible

4

that a person with no way of knowing MSLA's actual network capacity could find fraud where a government investigation found none. Even so, Williams alleges no facts showing MSLA knew it could not meet the contractual capacity requirements.

The public disclosure bar also dooms this claim. *See* 31 U.S.C. § 3730(e)(4)(A)(ii). The same 2019 VA OIG report that Williams relies on specifically evaluated MSLA's network capacity, and Williams does not materially add to the publicly disclosed information. *See United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 573 (9th Cir. 2016) (The public disclosure bar precludes claims when allegations are "substantially similar" to a prior public disclosure.). Nor does he show how he was an "original source" for the disclosure. 31 U.S.C. § 3730(e)(4)(B).

**AFFIRMED.**